IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KEVIN FOOTE (aka Kevin Kelly), Individually and on behalf of all others similarly situated;<br><br>BRANDON TATE, Individually and on behalf of all others similarly situated; and<br><br>BRENT TATE, Individually and on behalf of all others similarly situated;<br><br>      Plaintiffs,<br><br>v.<br><br>ALL ELITE WRESTLING, LLC;<br><br>IAN RICCABONI; and<br><br>TONY KHAN;<br><br>      Defendants. | Civil Action No. _____ |

## DEFENDANTS' NOTICE OF REMOVAL

Defendants All Elite Wrestling, LLC ("AEW"), Ian Riccaboni ("Riccaboni"), and Tony Khan ("Khan") (collectively, "Defendants"), in accordance with 28 U.S.C. §§ 1331, 1332, 1367, 1441, 1446, and 1453 hereby file this Notice of Removal and remove the action entitled *Kevin Foote, et al. v. All Elite Wrestling, LLC, et al.*, which was originally filed in the Court of Common

Pleas of Philadelphia County, Pennsylvania, to the United States District Court for the Eastern District of Pennsylvania, based upon the following:

## I.  BACKGROUND

1. Plaintiffs Kevin Foote, Brandon Tate, and Brent Tate (collectively, "Plaintiffs") instituted this action in the Court of Common Pleas of Philadelphia County, Pennsylvania, on or about August 30, 2024, under the caption *Kevin Foote, et al. v. All Elite Wrestling, LLC, et al.*, and the Docket Number 240900115 (the "State Court Action").  A true and correct copy of Plaintiffs' Class Action Complaint is attached as **Exhibit A** ("Compl.").

2. Plaintiffs' Complaint in the State Court Action asserts claims under the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. §§ 201 to 219, and Pennsylvania common law.  Compl. ¶¶ 122-267.  All claims arise out of the work Plaintiffs performed for AEW.  *Id.*

## II.  TIMELINESS OF REMOVAL

3. Defendants first received notice of the State Court Action on September 6, 2024, when their undersigned counsel were served with a copy of the Complaint.

4. Consistent with 28 U.S.C. § 1446(b), this Notice of Removal is being timely filed on October 4, 2024, within thirty days after Defendants first received notice of the Complaint.

**III. VENUE**

5. Since the Court of Common Pleas of Philadelphia County, Pennsylvania, is within this Court's District, this action is properly removable to this Court pursuant to 28 U.S.C. § 1441(a).

6. This action is properly allocated to this Court's Philadelphia Division pursuant to 28 U.S.C. § 1441(a) and L. Civ. R. 40.1, as the State Court Action is pending in Philadelphia County.

**IV. REMOVAL IS PROPER PURSUANT TO THE CLASS ACTION FAIRNESS ACT**

7. The Class Action Fairness Act ("CAFA") applies "to any class action before or after the entry of a class certification order by the court with respect to that action." 28 U.S.C. § 1332(d)(8). This case is a putative class action under CAFA because it includes a claim for injunctive relief and damages resulting from the alleged misclassification of two putative classes of individuals (Count II), it is brought in implicit reliance upon Pennsylvania Rule of Civil Procedure 1702 (providing for representative actions on terms comparable to Rule 23), and it explicitly cites Federal Rule of Civil Procedure 23. *See* Compl. ¶¶ 154-171 (Count II class claims); 108 (citing Fed. R. Civ. P. 23(c)(4)).

8. Plaintiffs seek to represent two classes consisting, respectively, of "all current and former Talent" and "all current and former Wrestlers" who provided

services to AEW under independent contractor agreements between September 1, 2022, and the present. Compl. ¶¶ 93-94.

9. Under CAFA, federal courts have original jurisdiction over class actions where: (1) the amount in controversy exceeds $5,000,000 in the aggregate for the entire class, exclusive of interest and costs; (2) the putative class contains at least 100 members; and (3) any member of the putative class is a citizen of a state different from that of any defendant. 28 U.S.C. §§ 1332(d)(2), (d)(5)(B), (d)(6).

10. For purposes of meeting the jurisdictional requirements for removal only, Defendants submit that this action satisfies all requirements for original jurisdiction under CAFA because, as set forth below, the parties are minimally diverse, the allegations in the Complaint identify putative classes that exceed 100 members, and the allegations in the Complaint put in controversy more than $5,000,000 in the aggregate, exclusive of interests and costs. 28 U.S.C. § 1332(d)(6).

    A.    **The Parties Are Minimally Diverse**

11. CAFA requires minimal diversity of citizenship, meaning that one of the plaintiffs or any member of the putative class must be a citizen of a state different from that of any defendant. 28 U.S.C. § 1332(d)(2)(A). The parties' citizenship is determined by their citizenship status at the action's commencement. *Grupo Dataflux v. Atlas Glob. Grp., L.P.*, 541 U.S. 567, 569-70 (2004) (reiterating

the "general rule" that, "for purposes of determining the existence of diversity jurisdiction, the citizenship of the parties is to be determined with reference to the facts as they existed at the time of filing").

12. For individuals, citizenship is determined by a person's domicile. *Washington v. Hovensa LLC*, 652 F.3d 340, 344 (3d Cir. 2011). "'[T]he domicile of an individual is his true, fixed and permanent home and place of habitation. It is the place to which, whenever he is absent, he has the intention of returning.'" *Id.* (quoting *Vlandis v. Kline*, 412 U.S. 441, 454 (1973)). While residence and citizenship are not the same, a person's place of residence is *prima facie* evidence of his citizenship. *Krasnov v. Dinan*, 465 F.2d 1298, 1300 (3d Cir. 1972) ("Where one lives is *prima facie* evidence of domicile[.]"); *Horowitz v. Federal Kemper Life Assurance Co.*, 861 F. Supp. 1252, 1256 (E.D. Pa. 1994) ("Allegations of a party's residence are *prima facie* evidence of that party's citizenship.")

13. For purposes of removal under CAFA, the citizenship of a limited liability company is analyzed as that of an "unincorporated association" under Section 1332(d)(10), meaning that an LLC shall be deemed a citizen of both the state where it has its principal place of business and the state under whose laws it is organized. 28 U.S.C. § 1332(d)(10) ("an unincorporated association shall be deemed to be a citizen of the State where it has its principal place of business and the State under whose laws it is organized"); *Doe v. DLP Conemaugh Mem'l Med.*

*Ctr., LLC*, No. 3:23-cv-110, 2023 U.S. Dist. LEXIS 164508, at *6 (W.D. Pa. Sep. 15, 2023) ("[C]ourts interpreting diversity-of-citizenship under CAFA hold that LLCs are treated as citizens of the state of their principal place of business and where they are organized."); *Ferrell v. Express Check Advance of Georgia*, 591 F.3d 698, 704 (4th Cir. 2010) (same); *Jack v. Ring, LLC*, 553 F. Supp. 3d 711, 714-16 (N.D. Cal. Aug. 10, 2021) (reasoning that considering an LLC a citizen of every state of which its members are citizens pursuant to Section 1332(c) would likely undermine Congress's intent to give CAFA broad application).

14. Here, Plaintiffs Brandon Tate and Brent Tate allege that they are residents of Tennessee. Compl. ¶¶ 3-4. This is *prima facie* evidence that these two individuals are citizens of Tennessee. *Krasnov*, 465 F.2d at 1300; *Horowitz*, 861 F. Supp. at 1256.

15. Plaintiffs also allege that Defendant Riccaboni is a resident of Pennsylvania and that Defendant Khan is a resident of Florida. Compl. ¶¶ 8, 10. This is *prima facie* evidence that Riccaboni is a citizen of Pennsylvania and Khan is a citizen of Florida. *Krasnov*, 465 F.2d at 1300; *Horowitz*, 861 F. Supp. at 1256.

16. Plaintiffs further allege that AEW is a Delaware LLC with its principle place of business in Florida (Compl. ¶ 6), meaning that AEW is a citizen of Delaware and Florida for purposes of CAFA jurisdiction. *Doe*, 2023 U.S. Dist. LEXIS 164508 at *6.

17. Therefore, CAFA's minimum diversity requirement is satisfied, as Plaintiffs Brandon Tate and Brent Tate are citizens of Tennessee, while Defendants are residents of Delaware, Florida, and Pennsylvania. 28 U.S.C. § 1332(d)(2)(A).

**B.  There Are More Than 100 Class Members**

18. CAFA provides that the district courts shall not have jurisdiction over class actions where "the number of members of all proposed plaintiff classes in the aggregate is less than 100." 28 U.S.C. § 1332(d)(5).

19. Here, Plaintiffs allege in the Complaint that they bring this action on behalf of classes composed of all wrestling and non-wrestling talent who have performed services for AEW as independent contractors between September 1, 2022, and the present. Compl. ¶¶ 93-94. Citing AEW's online roster, Plaintiffs allege that the class of wrestling talent includes at least 128 members. *Id.* ¶ 95. Plaintiffs further allege that the class of non-wrestling talent includes approximately 40 members. *Id.* ¶ 97.

20. Accordingly, while Defendants deny that class treatment is permissible or appropriate, it is beyond question that the proposed classes consist of more than 100 members.

**C.  The Amount in Controversy Exceeds Five Million Dollars**

21. Under CAFA, the claims of the individual members in a class action are aggregated to determine if the amount in controversy exceeds the sum or value

of $5,000,000. 28 U.S.C. § 1332(d)(6). Congress intended federal jurisdiction to be appropriate under CAFA "if the value of the matter in litigation exceeds $5,000,000 either from the viewpoint of the plaintiff or the viewpoint of the defendant, and regardless of the type of relief sought (*e.g.*, damages, injunctive relief, or declaratory relief)." Sen. Jud. Comm. Rep., S. Rep. 109-14, at 42. Plaintiffs may not avoid removal to federal court under CAFA's amount-in-controversy requirement by expressly alleging or subsequently stipulating that damages fall below that sum. *See Standard Fire Ins. Co. v. Knowles*, 568 U.S. 588, 592 (2013). Moreover, any doubts regarding the maintenance of interstate class actions in state or federal court should be resolved in favor of federal jurisdiction. S. Rep. 109-14, at 42-43.

22. In determining whether the amount in controversy exceeds $5,000,000, the Court must presume that Plaintiffs will prevail on each and every one of their claims. *Callery v. HOP Energy, LLC*, 620 F. Supp. 3d 223, 227-28 (E.D. Pa. 2022). Moreover, the argument and facts set forth herein may appropriately be considered in determining whether the jurisdictional amount in controversy is satisfied. *Ciccone v. Progressive Specialty Ins. Co.*, No. 3:20-cv-981, 2020 U.S. Dist. LEXIS 232855, at *6 (M.D. Pa. Dec. 11, 2020).

23. Notably, "[t]here is no obligation by defendant to support removal with production of extensive business records to prove or disprove liability []or

damages with respect to plaintiff or the putative class members at this premature (pre-certification) stage of the litigation." *Muniz v. Pilot Travel Ctrs. LLC*, No. Civ. S-07-0325, 2007 U.S. Dist. LEXIS 31515, at *15 (E.D. Cal. Apr. 30, 2007). Rather, a defendant seeking removal must prove by a preponderance of the evidence that the aggregate amount in controversy exceeds the jurisdictional minimum. *Ciccone*, 2020 U.S. Dist. LEXIS 232855 at *13.

24. In *Dart Cherokee Basin Operating Co., LLC v. Owens*, the United States Supreme Court held that where the complaint is silent as to whether the amount in controversy meets CAFA's jurisdictional threshold of $5,000,000, "a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014). Following *Dart*, courts in this District have held the same. *See, e.g.*, *Nelson v. Bank of Am., Nat'l Ass'n*, No. 23-cv-0255, 2023 U.S. Dist. LEXIS 87098, at *7 (E.D. Pa. May 18, 2023). In all cases, "estimations of the amounts recoverable must be realistic" and, when considering "demands of indeterminate value, the amount in controversy is not to be measured by the low end of an open-ended claim, but rather by a reasonable reading of the value of the rights being litigated." *Id.* at *8. Further, "no antiremoval presumption attends cases invoking CAFA" because "Congress enacted [CAFA] to facilitate adjudication of certain class actions in federal court."

*Dart*, 574 U.S. at 83; *Fitchett v. PetMed Express, Inc.*, No. 2:24-cv-710, 2024 U.S. Dist. LEXIS 152392, at *5 (W.D. Pa. Aug. 26, 2024) (same).

25. Moreover, if a plaintiff asserts statutory violations, then the Court must assume that the violation rate is 100% unless the plaintiff specifically alleges otherwise. *See, e.g.*, *Callery*, 620 F. Supp. 3d at 227-28 (internal quotation marks omitted) ("Accordingly, the Court must assume that every single capped customer has been overcharged for heating oil."); *Bailey v. Ulta Salon, Cosmetics & Fragrance, Inc.*, No. 2:21-cv-00503, 2021 U.S. Dist. LEXIS 88405, at *6 (W.D. Pa. May 10, 2021) (assuming a statutory violation occurred for every transaction alleged).

26. Attorney's fees are also taken into account to determine the jurisdictional amount, and here a fee award as much as thirty percent of the judgment is possible. *Frederico v. Home Depot*, 507 F.3d 188, 199 (3d Cir. 2007) (noting that "[f]ees could be as much as thirty percent of the judgment" in a class action); *In re Rite Aid Corp. Securities Litigation*, 396 F.3d 294, 303 (3d Cir. 2005) (noting study done by the Federal Judicial Center that found a median percentage recovery range of 27-30% for all class actions resolved or settled over a four-year period).

27. Although Defendants deny that Plaintiffs' claims have any merit, Defendants aver, solely for the purposes of meeting the jurisdictional requirements

for removal, that if Plaintiffs were to prevail on every single claim and allegation in the Complaint on behalf of the putative classes alleged, and the Court assumes a violation rate of 100% consistent with the above authorities, then the requested monetary recovery would exceed $5,000,000.

28. Based on a review of AEW's business records, the classes proposed in Paragraphs 93 and 94 of the Complaint together contain 290 Putative Class Members. *See* Declaration of Chris Harrington ¶ 2.

29. Only ten of the Putative Class members, or approximately 3.4%, have last-known addresses in Pennsylvania, meaning that none of the exceptions to CAFA jurisdiction apply here. *Id.* ¶ 3.

30. Between September 1, 2022, and the present, AEW paid the Putative Class Members more than $60,000,000 in the aggregate. *Id.* ¶ 4.

31. If the Putative Class Members were reclassified as employees, then AEW would incur tax liability of more than $5,970,000 in the aggregate, as well as employee-benefits costs of approximately $5,256,250 per year in the aggregate. *Id.* ¶¶ 5-6.

32. Taken together, the foregoing amounts total $11,226,250. A reasonable estimate for attorney's fees enhances this figure by thirty percent, for a grand total of $14,594,125. *See Frederico*, 507 F.3d at 199; *In re Rite Aid*, 396

F.3d at 303 (3d Cir. 2005). This figure easily surpasses CAFA's amount-in-controversy requirement.

33. Based on the foregoing facts and allegations, this Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332(d) because this is a civil action that is a class action within the meaning of 28 U.S.C. § 1332(d)(1)(B); Plaintiffs Brandon Tate and Brent Tate are citizens of a state different from that of any Defendant; this action involves putative classes that consist of more than 100 individuals; and the amount in controversy exceeds $5,000,000, exclusive of interests and costs, as required under 28 U.S.C. § 1332(d)(2).

34. Accordingly, removal of this action is proper under 28 U.S.C. § 1441.

## V. REMOVAL IS PROPER BASED ON FEDERAL-QUESTION JURISDICTION

35. This action is within this Court's original jurisdiction pursuant to 28 U.S.C. § 1331 because the cause of action set forth in Plaintiffs' Count II arises under a federal statute. *Merrell Dow Pharm., Inc. v. Thompson*, 478 U.S. 804, 808 (1986) (internal quotation marks omitted) ("a suit arises under the law that creates the cause of action"); *Caterpillar Inc. v. Cooks*, 482 U.S. 386, 392 (1987) ("[F]ederal question jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint.").

36. In particular, Plaintiffs allege that AEW misclassified each of the members of the wrestling and non-wrestling talent classes as independent

contractors rather than employees, even though AEW purportedly exercised extensive direction and control over the details of class members' work, including their wardrobes, dialog, performances, speech, conduct, and outside engagements, all purportedly in violation of the FLSA. *Compare* Compl. ¶¶ 154-171 *with Diaz v. Cousins, Inc.*, No. 15-cv-06620, 2016 U.S. Dist. LEXIS 73745, at *5-6 (E.D. Pa. June 7, 2016) (exercising original jurisdiction over FLSA claims); *Henkel v. Highgate Hotels, LP*, No. 3:15-cv-01435, 2020 U.S. Dist. LEXIS 220927, at *13 (M.D. Pa. Nov. 25, 2020) (same). Notably, Plaintiffs do not cite the Pennsylvania Minimum Wage Act or any other non-federal wage law in Count II. *See* Compl. ¶¶ 154-171. Federal jurisdiction is further evident from Plaintiffs' allegations that AEW's actions also violate the Social Security Act of 1935, the Medicare and Medicaid Act of 1965, and other federal laws. *See* Compl. ¶¶ 168, 171. Among other things, Plaintiffs seek "damages they suffered as a result of the misclassification[,]" including unpaid taxes and all benefits denied as a result of the purported misclassification. *Id.* ¶ 171.

37. In addition, Plaintiffs bring claims to invalidate the arbitration provisions and restrictive covenants in their independent contractor agreements (Counts I and III), for breach of their respective agreements (Counts IV and V), for defamation and false light against all three Defendants (Counts VI and IX), and for tortious interference against Defendants Riccaboni and AEW (Counts VII and

VIII). *See* Compl. ¶¶ 122-153, 172-267. As pleaded, Plaintiffs' federal and state-law claims all derive from a "common nucleus of operative fact"—the work they performed for AEW. *See, e.g.*, *City of Chi. v. Int'l College of Surgeons*, 522 U.S. 156, 164-65 (1997); *Nardelli v. Lamparski*, No. 2:20-cv-01723, 2023 U.S. Dist. LEXIS 101617, at *9 (W.D. Pa. June 8, 2023) (finding that exercise of supplemental jurisdiction over Pennsylvania Minimum Wage Act claims that parallel FLSA claims is "appropriate and justified"); *Logan v. Salem Baptist Church of Jenkintown*, No. 10-cv-0144, 2010 U.S. Dist. LEXIS 77279 (E.D. Pa. July 30, 2010) (extending supplemental jurisdiction over state-law claims of defamation and false light as the claims had "sufficient factual overlap" with Section 1983 claims); *Gallas v. Supreme Court*, No. 96-cv-6450, 1997 U.S. Dist. LEXIS 6893 (E.D. Pa. May 16, 1997) (finding it proper to continue to exercise supplemental jurisdiction over state-law tortious-interference claims because they were "sufficiently related" to the federal claims).

38. Thus, in accord with the above-cited cases and the Complaint, as pleaded, Plaintiffs' state-law claims are "so related" to their FLSA claims that "they form part of the same case or controversy under Article III of the United States Constitution" and fall within this Court's supplemental jurisdiction. 28 U.S.C. § 1367(a).

39. For these reasons, this Court has original and supplemental jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1367.

## VI. COMPLIANCE WITH PROCEDURAL REQUIREMENTS

40. In compliance with 28 U.S.C. § 1446(a), "a copy of all process, pleadings, and orders served upon" Defendants is attached hereto. *See* Ex. A.

41. A copy of the docket maintained for this matter in the Court of Common Pleas of Philadelphia County, Pennsylvania, is attached hereto as **Exhibit B**.

42. In compliance with 28 U.S.C. § 1446(d), promptly after filing this Notice of Removal, Defendants will give written notice thereof to Plaintiffs.

43. In compliance with 28 U.S.C. § 1446(d), promptly after filing this Notice of Removal, Defendants will file a copy of this Notice with the Clerk of the Court of Common Pleas of Philadelphia County, Pennsylvania, in the form attached hereto as **Exhibit C**

44. Defendants consent to and file this Notice without waiving any defenses to the claims asserted by Plaintiffs, without conceding that Plaintiffs have stated claims upon which relief may be granted, and without conceding that Plaintiffs are entitled to any damages or other relief whatsoever.

**WHEREFORE**, Defendants respectfully request that the United States District Court for the Eastern District of Pennsylvania accept the removal of this

action from the Court of Common Pleas of Philadelphia County, Pennsylvania, and direct that the Court of Common Pleas have no further jurisdiction over this matter unless and until this case is remanded.

        Respectfully submitted,

        **JACKSON LEWIS P.C.**

Dated: October 4, 2024    By:    */s/ Daniel F. Thornton*
    Daniel F. Thornton (PA No. 318431)
    daniel.thornton@jacksonlewis.com
    Caralyn M. Reese (PA No. 330726)
    caralyn.reese@jacksonlewis.com
    Three Parkway
    1601 Cherry Street, Suite 1350
    Philadelphia, PA 19102
    267-319-7802

    B. Tyler White*
    tyler.white@jacksonlewis.com
    James D. McGuire*
    james.mcguire@jacksonlewis.com
    501 Riverside Avenue, Suite 902
    Jacksonville, FL 32202
    904-638-2655

    *Counsel for Defendants*

    * *pro hac vice* forthcoming

## CERTIFICATE OF SERVICE

I certify that on October 4, 2024, I caused a copy of the foregoing document to be served on the following counsel of record via electronic and overnight mail:

Benjamin J. Baer, Esquire
bbaer@injurylawpartners.com
**INJURY LAW PARTNERS**
1628 JFK Blvd, Suite 1302
Philadelphia, PA 19103
215-402-2442

Stephen P. New, Esquire
steve@newlawoffice.com
**STEPHEN NEW & ASSOCIATES**
430 Harper Park Dr.
Beckley, WV 25801
304-250-6017

*/s/ Daniel F. Thornton*
Daniel F. Thornton