# EXHIBIT A

INJURY LAW PARTNERS
By: Benjamin J. Baer
1628 JFK Blvd.
Suite 1302
Philadelphia, PA 19103
Tel: (215) 402-2442
bbaer@injurylawpartners.com

STEPHEN NEW & ASSOCIATES
By: Stephen P. New
*Pro hac vice forthcoming*
430 Harper Park Dr.
Beckley, WV 25801
Tel: (304) 250-6017
Fax: (304)250-6012
steve@newlawoffice.com

ATTORNEYS FOR PLAINTIFFS

| | |
|---|---|
| KEVIN FOOTE (aka Kevin Kelly),<br>Individually and on behalf of<br>all others similarly situated<br>364 W Barrens Valley Road<br>Dillsburg, Pennsylvania 17019 | : COURT OF COMMON PLEAS<br>: PHILADELPHIA COUNY<br>:<br>: _____ TERM, 2024<br>: No. |
| | : |
| BRANDON TATE, Individually and<br>on behalf of all other similarly situated<br>4501 Tillery Dr. Apt #C27<br>Knoxville, Tennessee 37912 | :<br>:<br>:<br>: **JURY TRIAL DEMANDED** |
| | : |
| BRENT TATE, Individually and<br>on behalf of all other similarly situated<br>4205 Chinkapin Lane<br>Knoxville, TN 37921 | :<br>:<br>:<br>: |
| | : |
| Plaintiffs, | : |
| | : |
| v. | : |
| | : |
| ALL ELITE WRESTLING, LLC<br>1 TIAA Bank Field Drive<br>Jacksonville, FL 32202 | :<br>:<br>: |
| | : |
| IAN RICCABONI<br>2503 Colorado St.<br>Allentown, PA 18103 | :<br>:<br>: |

TONY KHAN                              :
1 TIAA Bank Field Drive               :
Jacksonville, FL 32202                :
                                      :
            Defendants.               :

---

## NOTICE TO DEFEND

| **NOTICE** | **ADVISO** |
|---|---|
| You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint of for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you. You should take this paper to your lawyer at once. If you do not have a lawyer or cannot afford one, go to or telephone the office set forth below to find out where you can get legal help. | Le han demandado a usted en la corte. Si usted quiere defenderse de estas demandas expuestas en las paginas siguientes, usted tiene veinte (20) dias de plazo al partir de la fecha de la demanda y la notificacion. Hace falta ascentar una comparencia escrita o en persona o con un abogado y entregar a la corte en forma escrita sus defensas o sus objeciones a las demandas en contra de su persona. Sea avisado que si usted no se defiende, la corte tomara medidas y puede continuar la demanda en contra suya sin previo aviso o notificacion. Ademas, la corte puede decidir a favor del demandante y requiere que usted cumpla con todas las provisiones de esta demanda. Usted puede perder dinero o sus propiedades u otros derechos importantes para usted. Lleve esta demanda a un abogado immediatamente. Si no tiene abogado o si no tiene el dinero suficiente de pagar tal servicio. Vaya en persona o llame por telefono a la oficina cuya direccion se encuentra escrita abajo para averiguar donde se puede conseguir asistencia legal. |

Philadelphia Bar Association Lawyer
Referral and Information Service
1101 Market St., 11th Floor
Philadelphia, Pennsylvania 19107
(215) 238-6333

Asociacion De Licenciados
De Filadelfia Servicio De Referencia E
Informacion Legal
110 Market Street, 11th Piso
Filadelfia, Pennsylvania 19107
(215) 238-6333

## CLASS ACTION COMPLAINT

2

Case ID: 240900115

NOW COME Plaintiff Kevin Foote (aka Kevin Kelly), individually and on behalf of all others similarly situated; Plaintiff Brandon Tate, individually and on behalf of all others similarly situated; and, Plaintiff Brent Tate, individually and on behalf of all others similarly situated, by and through their undersigned attorneys, who herein file this Class Action Complaint and bring this civil action against the above-captioned Defendants based upon the predicate facts, causes of action, and demands for relief set forth in the Counts below. Plaintiffs aver, based upon personal knowledge and/or information and belief, as follows:

## PARTIES

1.      Plaintiff Kevin Foote (aka Kevin Kelly) ("Foote") at all times relevant hereto is and was a resident of Dillsburg, Pennsylvania.

2.      Plaintiff Foote is a professional wrestling commentator.

3.      Plaintiff Brandon Tate at all times relevant hereto is and was a resident of Knoxville, Tennessee.

4.      Plaintiff Brent Tate at all times relevant hereto is and was a resident of Knoxville, Tennessee.

5.      Plaintiff Brandon Tate and Plaintiff Brent Tate (collectively "The Tates") are a professional wrestling tag team.

6.      Defendant All Elite Wrestling, LLC at times relevant hereto is and was a Delaware Limited Liability Company with its principle place of business in Jacksonville, Florida.

7.      AEW is a professional wrestling promotion company providing wrestling entertainment live and through various media. AEW also engaged in the promotion and sale of wrestling-related merchandise.

3

Case ID: 240900115

8.     Defendant Ian Riccaboni ("Riccaboni") at all times relevant hereto is and was a resident of Allentown, Pennsylvania.

9.     Defendant Riccaboni is a professional wrestling commentator.

10.     Defendant Tony Khan ("Khan") at all times relevant hereto is the Chief Executive Officer of AEW and is a resident of Jacksonville, Florida.

## JURISDICTION AND VENUE

11.     This Court has subject matter jurisdiction pursuant to 42 Pa. C.S.A. § 931, 42 Pa. C.S.A. § 5301, 42 Pa. C.S.A. § 5308, and 42 Pa. C.S.A. § 5322.

12.     The causes of action alleged in this Complaint arise out of or relate to the Defendants' contacts with Pennsylvania. All Defendants have sufficient minimum contacts with Pennsylvania, such that, "maintenance of the suit does not offend traditional notions of fair play and substantial justice." *International Shoe Co. v. Washington*, 326 U.S. 310 (1945).

13.     This Court has personal jurisdiction over Defendants pursuant to, and consistent with 42 Pa. C.S, § 5322 in that Defendant Riccaboni is domiciled in the Commonwealth of Pennsylvania and Defendant AEW carries on a continuous and systematic part of its general business within the Commonwealth.

14.     This Court has personal jurisdiction over Defendants pursuant to, and consistent with, Pennsylvania's long-arm statute, 42 Pa. C.S, § 5322, and the requirements of Due Process in so far that Defendants, acting through agents or apparent agents, committed one or more of the following:

> (1) Transacting business in the Commonwealth of Pennsylvania, including, but not limited to, the doing by any person in the Commonwealth of a series of similar acts for the purpose of thereby realizing pecuniary benefit or otherwise accomplishing an object;

Case ID: 240900115

(2)   The shipping of merchandise directly or indirectly into or through the Commonwealth;

(3)   The engaging in any business or profession within the Commonwealth;

(4)   The use of any real property located within the Commonwealth;

(5)   .Contracting to supply services or things in the Commonwealth;

(6)   Causing harm or tortious injury by an act or omission in the Commonwealth;

(7)   Causing harm or tortious injury in this Commonwealth by an act or omission outside this Commonwealth; and/or,

(8)   Requiring Defendants to litigate this claim in the Commonwealth of Pennsylvania does not offend traditional notions of fair play and substantial justice and is permitted by the United States Constitution.

15.     Venue is proper in Philadelphia County, Pennsylvania pursuant to Pa. R.C.P. No. 1006 and § 2179 as the Defendants regularly conduct business within Philadelphia County, a transaction or occurrence took place in Philadelphia County out of which the caue of action arose, and/or part of all of a cause of action arose in Philadelphia County as detailed herein.

16.     Plaintiffs' claims in this action are brought solely under state law. Plaintiffs do not herein bring, assert, or allege, either expressly or impliedly, any causes of action arising under any federal law, statute, regulation, or provision. Thus, there is no federal jurisdiction in this action on the basis of a federal question under 28 U.S.C. § 1331.

17.     Furthermore, federal diversity jurisdiction is lacking in this action. Complete diversity does not exist between the parties and therefore the federal courts lack jurisdiction under 28 U.S.C. § 1332.

18.     This is an action for damages, exclusive of interest and costs, which exceeds the sum of fifty thousand dollars ($50,000) and for Declaratory Judgment.

Case ID: 240900115

19.     AEW was formed in 2019.

20.     Tony Kahn is the CEO of AEW and the sole owner of a subsidiary of AEW, ROH Acquisition Co, LLC d/b/a Ring of Honor or ROH ("ROH"), which acquired "ROH's [Ring of Honor Wrestling Entertainment, LLC] extensive video library dating back to 2002, brand assets, intellectual property, production equipment and more."[1]

21.     ROH is a subsidiary of AEW, which, as parent company, is so closely related and integrated to ROH, the subsidiary, as to constitute a single integrated enterprise.

22.     AEW previously held events in Pittsburgh, Allentown, State College, and Philadelphia, Pennsylvania.

23.     Based upon information and belief, AEW has upcoming events scheduled in Wilkes-Barre and Pittsburgh, Pennsylvania in 2024.

24.     From 2002 through 2023, ROH held approximately 30 (thirty) events in Pennsylvania cities including Philadelphia, West Mifflin, State College, Erie, and Pittsburgh.

25.      On April 5, 2024, ROH held the "Supercard of Honor 2024" event in Philadelphia, Pennsylvania.

## THE AGREEMENTS

### The Talent Agreement

26.     Plaintiff Foote signed a document titled All Elite Wresting Independent Contractor Talent Agreement ("Talent Agreement") with a stated effective date of June 12, 2023. █████

---

[1] https://www.ringofhonor.com/about-roh (accessed  August 15, 2024) and https://www.ringofhonor.com/copy-of-terms-and-conditions (accessed August 21, 2024).

Case ID: 240900115



27.

---

[2] All Exhibits are incorporated fully herein.

7

Case ID: 240900115

32. ███████████████████████████████████

███████████████████████████████████████

███████

33. ███████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

████████

  ██ ████████████████████████████████

███████████████████████████████████████

████████████

  ██ ████████████████████████████████

█████████████████████████████████████

  ██ ████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

██████████████████████████████████

  ██ ████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

███████████████████████████████████████

██████████████████████

Case ID: 240900115

38. ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮



39. ▮▮▮▮▮▮▮▮▮▮▮▮▮▮

Case ID: 240900115



Case ID: 240900115

███

████████████████████████████████████

████████████████████████████████████

█████████████

███

████████████████████████████████████

███████████████████████████████

███

████████████████████████

███

██████████████████

███

████████████████████

███

████████████████████████████████████

████████████████████████████████████

██████████████████████████

███

████████████████████

**The Wrestling Agreement**

57.     On August 23, 2023, Brent Tate signed a document titled All Elite Wrestling
Independent Contractor Wrestler Agreement ("Wrestler Agreement") ████████████
████████████████████████████████████
█████████████████████████████████

██

58. 

Case ID: 240900115

███  ████████████████████████████████████

███

  ██      █████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

████████████████████████

65.    Despite this language, AEW reviewed and approved (or not) the Wrestler's

performance.

66.    ████████████████████████████████████

███████████████████████████████████████████

██████████

  ██      █████████████████████████████████

███████████████████████████████████████████

█████████████

  ██      █████████████████████████████████

███████████████████████████████████████████

███████

  ██      █████████████████████████████████

████  ██████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

████

Case ID: 240900115

70. ███████████████████████████

████████████████████████████████████

████████████████████████████████████

████████████████████████████████████

███████████████████████

█ ██████████████████████████████



██████████████

72. █████████████████████████

███████████████████████████████

███████████████████████████████

██████████████████

14

73.     The Agreement requires Wrestler to provide services only to AEW and/or precludes Wrestlers from providing services to other professional wrestling companies without AEW's approval..

74.     █████████████████████████████████████████

██████████████████████████████████████████████████

██████████████████████████████████████████████████

████████████████████████

█   ████████████████████████████████████████████

████████████████████████

76.     ██████████████████████████████████████████

77.     The Wrestling Agreement purportedly prohibits the Wrestler from challenging "the validity, legality, or enforceability of this Agreement or any of the terms set forth herein." Wrestler Agreement at §9.2(d).

78.     ███████████████████████████████████████████

██████████████████████████████████████████████████

██████████████████████████████████████████████████

█████████████████████████████████████

79.     ███████████████████████████████████████████

██████████████████████████████████████████████████

██████████████████████████████████████████████████

███████████████████████████████████████

█   ████████████████████████████████████████████

█████████████████████████████████████████████

15

81. 

84.

85.

Case ID: 240900115

89.     AEW terminated the Wrestling Agreement on April 1, 2024 purportedly due to budget cuts.

90.     On or about April 4, 2024, Defendant Khan, President of AEW, stated in an interview that Wrestling Agreement was terminated for not showing up for events. A copy of the Article containing describing the statement is attached hereto as Exhibit C.

91.     At the time this statement was made, Defendant Khan was in Philadelphia, Pennsysylvania and the statement was made during the ROH Supercard of Honor press event.

## CLASS ALLEGATIONS

92.      Plaintiffs incorporate all preceding Paragraphs as if set forth more fully herein verbatim.

## Class Definitions

93.      Plaintiffs propose  Class A Definition of:

Generally, all current and former Talent of All Elite Wrestling, LLC and/or ROH including Talent who provided services to AEW and/or ROH from September 1, 2022 to present and signed an Agreement stating the Talent was an independent contractor.

94.     Plaintiffs propose  Class B Definition of:

Generally, all current and former Wrestlers of All Elite Wrestling, LLC and/or ROH including Wrestlers who provided services to AEW and/or ROH from September 1, 2022 to present and signed an Agreement stating the Wrestler was an independent contractor.

## Class Action Criteria

95.     AEW lists approximately one hundred twenty-eight (128) Wrestlers in its on-line roster.[3]

---

[3] https://www.allelitewrestling.com/aew-roster (accessed August 20, 2024).

Case ID: 240900115

96.     ROH lists approximately forty-eight (48) Wrestlers on its on-line roster, some of which are also listed on the AEW roster.[4]

97.     Upon information and belief, approximately 40 non-Wrestling Talent provide services to AEW.

98.     Accordingly, the class is so numerous that joinder of all members is impracticable.

99.     The questions of law and fact set forth herein are common for all putative class members.

100.     Common questions of fact include, but are not limited to, whether Talent and Wrestlers are integral parts of AEW's business; whether the performance of the services is subject to the direction and control of AEW; whether AEW controls other aspects of the relationship; whether AEW furnishes a substantial amount of capital or investment to the performances; whether Agreements preclude putative class members from providing services to other companies and/or preclude Talent and Wrestlers from providing services to other professional wrestling companies without AEW's approval; whether the agreements with the putative class members are for specific lengths of time; whether AEW sets the rate of pay for each service performed or the putative class members can negotiate the rate of pay; whether the date and time of the performance of the services are subject to the control of AEW; and, whether AEW has any legitimate business reason to justify a restrictive covenant; whether the restrictive covenant is reasonable in time, area, and business.

101.     Common questions of law include whether AEW misclassified putative class members as independent contractors when they are (and were) employees; whether the restrictive covenant in the Agreements of the putative class members are unenforceable.

---

[4] https://www.ringofhonor.com/roster (accessed August 20, 2024).

Case ID: 240900115

102.     The claims of the proposed class representatives, outlined herein below, are typical of the claims of all putative class members.

103.     The proposed representative parties named herein below will fairly and adequately protect the interests of the class.

104.     There are no antagonist interests between Plaintiffs and the members of the putative class, and the relief sought by the named Plaintiffs will benefit the class generally.

105.     By filing this action, each named Plaintiff has displayed a strong interest in vindicating the rights of all who have been similarly harmed by AEW's actions.  By seeking declaratory relief to remedy the misclassification and unenforceable restrictive covenant, the named Plaintiffs will also be advancing and proving the claims and rights of absent class members.

106.     Plaintiffs' counsel has substantial experience in class litigation, representing Wrestlers and other Wrestling-related clients, and/or generally representing individuals in civil actions involving various legal issues, across the United States of America.

107.     AEW has acted or refused to act on grounds generally applicable to the proposed classes, thereby making final relief with respect to the classes as a whole an appropriate remedy.

108.     The classes may be certified based on discrete sub-issues or bifurcated on the issues of AEW's liability and individual class member damages. *Fed. R. Civ. P., Rule 23(c)(4)*.

**Class Representative Allegations**

**Class A – Kevin Foote – Non-Wrestling Talent**

109.     Plaintiff Foote has been involved in all aspects of professional wrestling since 1991.

110.     Plaintiff Foote is a long-time professional wrestling participant working as a ring announcer, manager, professional wrestler, talent scout, producer, creative direction, and commentator.

Case ID: 240900115

111.    Plaintiff Foote was a prominent play-by-play announcer for ROH television tapings and pay-per-views from 2011 through February 2017.

112.    Beginning in 2015 through 2023, Plaintiff Foote provided English commentary for New Japan Pro-Wrestling.

113.    During conversations with Defendant Khan related to New Japan Pro-Wrestling, Plaintiff Foote and Defendant Khan discussed the prospect of Plaintiff Foote being an announcer for AEW's new show, "AEW: Collision."

114.    "AEW: Collision" debuted on June 17, 2023 and is a weekly two hour show airing on Saturday nights.

115.    Plaintiff Foote performed services for AEW from June 12, 2023 through March 6, 2024 when the Talent Agreement was unilaterally terminated by AEW.

**Class B – Brandon Tate and Brent Tate – Wrestling Talent**

116.    Plaintiffs Tates have been engaged in the wrestling profession since 2009.

117.    They debuted with Ohio Valley Wrestling ("OVW") on March 24, 2012 as the Baronis Brothers.

118.    The Tates began appearing on ROH shows in 2014 as "The Twins" and continued through 2019. They became known as "The Boys" in 2015.

119.    In 2015 the Tates performed in "Global Force Wrestling."

120.    The Tates returned to OVW in 2020 and 2021.

121.    The Tates performed for AEW and ROH from 2021 until their services were unilaterally terminated on April 1, 2024.

**CAUSES OF ACTION**

**COUNT I: DECLARATORY JUDGMENT
FINDING THE ARBITRATION CLAUSE INVALID**

20

Case ID: 240900115

**(Plaintiffs and Defendant AEW)**

122.     Plaintiffs incorporate the foregoing Paragraphs as if fully restated herein verbatim.

123.     The Talent Agreement and the Wrestling Agreement are virtually identical except for the use of the word "Talent" or "Wrestler."

124.     The Arbitration provisions contained in both the Talent Agreement and the Wrestling Agreement in Section 16.1 of each Agreement are unconscionable and unenforceable.

125.     The Arbitration provisions do not contain a severability clause.

126.     The Agreements contain a severability clause in Section 17.5.

127.      The Agreements are standardized contracts.

128.      The Agreements are offered on a "take it or leave it basis."

129.     The Arbitration Agreement was not pointed out to Plaintiffs.

130.     None of the Plaintiffs were afforded the opportunity to negotiate the Arbitration Agreements.

131.     None of the Plaintiffs are familiar with arbitration clauses.

132.     The Plaintiffs were not provided with a copy of the Comprehensive Arbitration Rules and Procedures of JAMS, Inc., the designated administrator of the Arbitration.

133.     The Arbitration location is to be held in Florida. Plaintiffs are residents of Pennsylvania and Tennessee.

134.      The Agreements were signed in States other than Florida.

135.     Plaintiffs Tates were told not to complain about certain issues so that they could obtain Agreements with AEW.

136.     The substantial costs of arbitrating a dispute were not explained.

137.     Plaintiffs were not advised of the costs of arbitration.

21

Case ID: 240900115

138.    Plaintiffs were not advised that the discovery process in arbitration is severely limited.

139.    Plaintiffs were not advised they would have to seek permission to file a dispositive motion.

140.    Plaintiffs were not advised that the proceedings could be terminated or suspended for failure to pay any fees or expenses in full.

141.    No provision exists for an individual to proceed *in forma pauperis*.

142.    The Talent Agreement and Wrestler Agreement in Section 9.2(d) purportedly prohibit Talent and Wrestlers from challenging "the validity, legality, or enforceability of this Agreement or any of the terms set forth herein."

143.    The Arbitration provision excludes from Arbitration and disputes regarding the "application, interpretation or enforcement of any AEW Rule."

144.    

Case ID: 240900115

146. 

149.

150.     Thus, the terms of the Agreements are unreasonably favorable to AEW.

151.     The costs of arbitration are substantial and preclude Plaintiffs from pursuing resolution of their disputes under the Arbitration Agreement.

152.     The extent of the procedural and substantive unconscionability renders the Arbitration provision as a whole unenforceable and not subject to severance.

153.     Plaintiffs seek injunctive relief, including enjoining AEW and all other persons acting in concert or participation with it from enforcing Section 16.1 in the Talent Agreement and the Wrestler Agreement.

**COUNT II: DECLARATORY JUDGMENT
FINDING THAT PLAINTIFFS ARE EMPLOYEES OF AEW
AND CLAIM FOR DAMAGES RESULTING FROM THE MISCLASSIFICATION**
(Plaintiffs and Defendant AEW)

154.     Plaintiffs incorporate the foregoing Paragraphs as if fully restated herein verbatim.

Case ID: 240900115

155.     Talent and Wrestlers are integral parts of AEW's business as AEW requires Wrestlers for the Events and announcers to comment on the Event.

156.     The performance of Talent and Wrestlers is subject to the direction and control of AEW.

157.     AEW has control over the Talent and Wrestler's wardrobe; the performance of the Wrestlers in the ring; provides statements to the announcers during broadcast; the time and place of performance of the services; and the speech and conduct of the Wrestlers and Talent.

158.     AEW requires Wrestlers and Talent to engage in services outside of the Ring to promote AEW.

159.     AEW has extensive policies and procedures implemented at their sole discretion that are applicable to the Talent and Wrestlers inside the ring; on AEW premises; and outside of the ring, such as the policies regarding social media. See, Playbook attached hereto as Exhibit E.

160.     AEW limits the statements that can be made by Talent and Wrestlers and prohibits any criticism, warranted or not, of AEW or other Talent or Wrestlers.

161.     AEW furnishes a substantial amount of capital or investment to the performances including scheduling, promoting, directing, and hosting the Events.

162.     The Agreements preclude Talent and Wrestlers from providing services to other professional wrestling companies and/or preclude Talent and Wrestlers from providing services to other professional wrestling companies without AEW's approval.

163.     The Agreements are for a specific length of time rather than for individual performances which Talent or the Wrestlers can refuse to attend.

164.     AEW sets the compensation for the services performed.

Case ID: 240900115

165.    The date and time of the performance of the services are subject to the control of AEW.

166.    AEW directs and controls every aspect of the relationship and prohibits Talent and Wrestlers from engaging in their respective fields of expertise outside of AEW.

167.    Therefore, the Talent and Wrestlers are misclassified as independent contractors when they are, in fact, employees.

168.    The misclassification of Talent and Wrestlers as independent contractors deprives the Plaintiffs and those similarly situated of the benefits of being classified as an employee, including, but not limited to, workers' compensation benefits, health insurance, payments by AEW for social security and Medicare, protection under the Fair Labor Standards Act, and/or protection under state and federal anti-discrimination laws.

169.    Plaintiffs seek a declaration that they and all others since October 2019 are employees of AEW.

170.    Plaintiffs seek injunctive relief, including enjoining AEW and all other persons acting in concert or participation with it from treating Plaintiffs and other putative class members as independent contractors under the Talent Agreement and the Wrestler Agreement.

171.    Plaintiffs also seek damages they suffered as a result of the misclassification as an independent contractor including payment by the employer of the federal, state, and local employment taxes and any other benefits which Plaintiffs have been denied as a result of the misclassification in an amount to be determined at trial.

**COUNT III: DECLARATORY JUDGMENT**
**FINDING THE RESTRICTIVE COVENANT IN SECTION 6.1**
**OF EACH OF THE AGREEMENTS IS UNENFORCEABLE**
**(Plaintiffs and Defendant AEW)**

172.    Plaintiffs incorporate the foregoing Paragraphs as if fully restated herein verbatim.

25

173. ███████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

███████████████████████████

174.   AEW lacks any legitimate business reason for preventing Talent and Wrestlers from engaging in their respective professions.

175.   Plaintiffs have been engaged in the wrestling profession for a substantial period of time and developed their own skills for the performance of their profession.

176.   Plaintiffs have also expended financial and non-financial resources to develop the skills necessary for their performances and development of the goodwill associated with their professional personas.

177.   AEW is engaged in the business of hiring Talent and Wrestlers that are able to perform in the Events.

178.   AEW does not train the Talent and Wrestlers.

179.   AEW economically benefits from the goodwill and expertise that Talent and Wrestlers gain prior to their employment by AEW such that any retention of that benefit beyond the time that Talent or Wrestlers perform services for AEW is unwarranted.

180.   Plaintiffs request that ████████ be declared void and unenforceable.

181.   Plaintiffs seek injunctive relief, including enjoining AEW and all other persons acting in concert or participation with it from enforcing Section 6.1 of the Talent Agreement and the Wrestler Agreement.

## COUNT IV: BREACH OF CONTRACT
### (Talent Agreement)

26

Case ID: 240900115

182.     Plaintiff Foote incorporates all of the proceeding Paragraphs as if fully restated herein verbatim.

183.     The Agreement between Plaintiff Foote and AEW contains a termination date of June 30, 2026.

184.      Plaintiff Foote performed all his obligations under the Agreement.

185.     The Agreement purports to be effective for a certain period of time and allow termination of the Agreement in AEW's sole discretion while denying Plaintiff Foote the same right.

186.     AEW wrongfully terminated the contract on March 6, 2024.

187.     As a direct and proximate result of the breach of the Agreement by Defendant AEW, Plaintiff Foote was not paid the remaining amounts ███████████████████████.

188.     ████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████

189.     As a direct and proximate result of the breach of the Agreement by Defendant AEW, Plaintiff Foote was not paid Royalties ██████████████████████████ suffered indirect damages in an amount to be determined at trial.

190.     As a direct and proximate result of the breach of the Agreement by Defendant AEW, Plaintiff Foote was not reimbursed for travel expenses due to him under ███████████ ███████ and suffered indirect damages in an amount to be determined at trial.

### COUNT V: BREACH OF CONTRACT
**(Wrestler Agreement)**

27

Case ID: 240900115

191.     Plaintiffs Tates incorporate all of the proceeding  Paragraphs as if fully restated herein verbatim.

192.     The Agreement between Plaintiffs Tates and AEW contains a termination date of July 31, 2025.

193.     Plaintiffs Tates performed all their obligations under the Agreement.

194.     The Agreement purports to be effective for a certain period of time and allow termination of the Agreement in AEW's sole discretion while denying Plaintiffs Tate the same right.

195.     AEW wrongfully terminated the Agreement on April 1, 2024 purportedly due to budget cuts; however, Defendant Khan later stated that they "no-showed at work several times."[5]

196.     As a direct and proximate result of the breach of the Agreement by Defendant AEW, Plaintiffs Tates were not paid the remaining amounts ███████████████████████ ████████

197.     As a direct and proximate result of the breach of the Agreement by Defendant AEW, Plaintiffs Tates were not paid amounts due for royalties under ███████████████████ .

198.     As a direct and proximate result of AEW's breach of the Agreement, Plaintiff Brandon Tate suffered damages in unspecified amounts for the unpaid compensation ████████ ███████████████████████████████████████████████████████ ██████ .

---

[5] https://www.wrestlezone.com/news/1461264-tony-khan-responds-to-the-boys-statement-about-their-aew-release (accessed August 24, 2024).

28

Case ID: 240900115

199.     As a direct and proximate result of AEW's breach of the Agreement, Plaintiff Brent Tate suffered damages in unspecified amounts for the unpaid compensation ████████ ████████ and suffered indirect damages in an amount to be determined at trial.

200.     As a direct and proximate result of the breach of the Agreement by Defendant AEW, Plaintiff Brandon Tate was not paid Royalties ████████ ████ and suffered indirect damages in an amount to be determined at trial.

201.     As a direct and proximate result of the breach of the Agreement by Defendant AEW, Plaintiff Brandon Tate was not reimbursed for travel expenses due to him ████ ████ and suffered indirect damages in an amount to be determined at trial.

202.     As a direct and proximate result of the breach of the Agreement by Defendant AEW, Plaintiff Brent Tate was not paid Royalties due to him ████████ and suffered indirect damages in an amount to be determined at trial.

203.     As a direct and proximate result of the breach of the Agreement by Defendant AEW, Plaintiff Brent Tate was not reimbursed for travel expenses due to him under Section 4.6 of the Agreement and suffered indirect damages in an amount to be determined at trial.

### COUNT VI: DEFAMATION AND FALSE LIGHT
**(Plaintiff Foote and Defendants Riccaboni and AEW)**

204.     Plaintiff Foote incorporates all of the proceeding Paragraphs as if fully restated herein verbatim.

205.     On or about July 12, 2023, Plaintiff Foote used social media to recommend that people view the movies "Sound of Freedom™"

206.     YouTube™ describes the movie as follows:

Sound of Freedom, based on the incredible true story, shines a light on even the darkest of places. After rescuing a young boy from ruthless child traffickers, a federal agent learns the boy's sister is still captive and decides to embark on a

Case ID: 240900115

dangerous mission to save her. With time running out, he quits his job and journeys deep into the Colombian jungle, putting his life on the line to free her from a fate worse than death.[6]

207.     On or about August 31, 2023, Defendant Riccaboni made the following statement on Discord™, a social media platform on X™:

> Also, had no idea he was going to promote QAnon movies or else I might have made a different suggestion. I suppose that his name was always in the mix but that QAnon stuff breaks my heart a little bit.[7]

(A copy is attached hereto as Exhibit F.)

208.     The movie has been associated with QAnon in social media.[8]

209.     QAnon has been described as a right-wing conspiracy group that spreads misinformation and disinformation.[9]

210.     Plaintiff Foote attempted to contact Defendant Riccaboni in an attempt to resolve the false statement published by Defendant Riccaboni regarding Plaintiff Foote's implied association with QAnon and received no response.

211.     The association between the movie and QAnon is unproven and false.

212.     The statement that Plaintiff Foote was promoting a QAnon movie is unproven and false.

213.     The implication that Plaintiff Foote is a member of, supports, and/or endorses QAnon is unproven and false.

214.     Defendant Riccaboni did not remove the post or otherwise clarify it to disassociate Plaintiff Foote from QAnon.

---

[6] https://www.youtube.com/watch?v=Rt0kp4VW1cI (accessed August 23, 2024).
[7] https://x.com/Dazelel/status/1697333111510487505 (accessed August 23, 2024).
[8] *Id*.
[9] https://en.wikipedia.org/wiki/QAnon (accessed August 23, 2024).

Case ID: 240900115

215.    The implied association with QAnon subjects Plaintiff Foote to ridicule, embarrassment, humiliation, and is detrimental to his personal and professional relationships.

216.    Plaintiff Foote does not have, has never had, and will never have an association with QAnon.

217.    Defendant Riccaboni published on Discord™ false statements regarding the movies, its association with QAnon, and Plaintiff Foote's endorsement of QAnon.

218.    Defendant Riccaboni published the statements in Pennsylvania.

219.    Defendant Riccaboni published the statement with knowledge of or in reckless disregard for their falsity.

220.    Defendant Riccaboni had absolutely no evidence to support a relationship between Plaintiff Foote and QAnon and no evidence to support a relationship between the movies and QAnon.

221.    The statements are highly offensive to a reasonable person as it has been report that QAnon has been defined as a domestic terrorist and/or is otherwise regarding as a cult, conspiracy theorists, and antagonistic to the enforcement of laws.[10]

222.    Plaintiff Foote made a Complaint to AEW regarding Defendant Riccabonni's post.

223.    AEW purports to "believe providing a safe, inclusive and respectful environment for all AEW events is central to [its] mission." [11]

224.    AEW promulgated a social media policy that provides, in part:



─────────────

■■ *Id*. at n. 7.
[11] https://www.allelitewrestling.com/about-aew (accessed August 20, 2024).

Case ID: 240900115

b. 

225.     Plaintiff Foote made a formal complaint regarding Defendant Riccaboni's post.

226.     After Defendant Riccaboni's post, AEW began to take adverse actions regarding Plaintiff Foote's announcing duties.

227.     In November 2023, announcer Tony Schiavone began doing play-by-play, which was previously done by Plaintiff Foote.

228.     AEW did not inform Plaintiff Foote of the outcome of his complaint regarding Defendant Riccaboni.

229.     Finally, in January 2024, AEW told Plaintiff that Defendant Riccaboni had been disciplined, but would not tell him the nature of the discipline. Thus, Plaintiff Foote does not have any personal knowledge that any discipline was actually imposed.

230.     During this time, the stress from Defendant Riccaboni's unwarranted comment and AEW's lack of response adversely affected Plaintiff Foote's mental health and his marital relationship.

231.     Plaintiff Foote informed AEW of the stress and mental health consequences he was experiencing due to the comment and lack of response and AEW's attitude and actions toward him.

232.     On or about March 3, 2024, professional wrestler Sting was scheduled to have his final retirement match for AEW.

Case ID: 240900115

233.     AEW did not contact Plaintiff Foote to announce for that match.

234.     Plaintiff Foote called and left a message for AEW's human resources' department regarding his treatment by AEW.

235.     On March 6, 2024, AEW advised Plaintiff Foote that his contract was terminated.

236.      AEW adopted or ratified the defamatory statements published by Defendant Riccaboni by its actions in failing to enforce ███████████████████████████

████████████████████████████████    █████████

██████████████████████████████████████

████████████████████████████████████

237.     AEW's ratification or adoption is further demonstrated by the adverse decisions made with respect to Plaintiff Foote's performance of services for AEW and the eventual termination of the Agreement.

238.     It can be reasonably inferred from AEW's actions and inactions that it credited the defamatory statements and reinforced the adverse effects of the statements by decreasing Plaintiff Foote's public appearances and terminating the Agreement.

239.     As a direct and proximate result of the tortious actions and inactions of Defendants, Plaintiff Foote suffered damages in the form of loss of business opportunities, damage to his reputation, humiliation, embarrassment, severe emotional distress, lost wages, loss of potential revenue, loss of good will, punitive damages, and other damages to be proven at trial.

### COUNT VII: TORTIOUS INTERFERENCE WITH CONTRACT OR BUSINESS RELATIONSHIP
#### (Plaintiff Foote and Defendant Riccaboni)

240.      Plaintiff Foote incorporates all of the proceeding Sections as if fully restated herein verbatim.

Case ID: 240900115

241.      Plaintiff Foote had a business relationship with AEW wherein he provided services as a professional wrestling commentator.

242.      Defendant Riccaboni is also a professional wrestling commentator and knew that Plaintiff Foote was providing commentary for the AEW show "AEW Collision."

243.      By posting the statement on social media that was available to the public, Defendant Riccaboni intentionally and unjustifiably interfered with the relationship between AEW and Plaintiff Foote.

244.      The statement asserting that Plaintiff Foote had a relationship with or supported QAnon caused or substantially contributed to AEW taking adverse actions against Plaintiff Foote by decreasing the number of time he served as a commentator for Events and resulted in AEW ultimately terminating Plaintiff Foote.

245.      Defendant Riccaboni intended to cause a breach of the relationship between Plaintiff Foote and AEW or knew that his actions were likely to cause a breach of the relationship.

246.      As a direct and proximate result of the wrongful actions and inactions of Defendant Riccaboni, Plaintiff Foote suffered damages in the form of lost income, damage to his reputation, and severe emotional distress.

### COUNT VIII: TORTIOUS INTERFERENCE WITH CONTRACT OR BUSINESS RELATIONSHIP
**(Plaintiff Foote and Defendant AEW)**

247.      Plaintiff Foote incorporates all of the proceeding Paragraphs as if fully restated herein verbatim.

248.      Plaintiff Foote had a potential business opportunity with New Japan Pro Wrestling for a May 6, 2024 event wherein he would provide English commentary for the "All-Together" wrestling event.

Case ID: 240900115

249.     Plaintiff Foote was not retained to do English commentary.

250.     Based upon information and belief, Defendant AEW prevented Plaintiff Foote from being hired to do English Commentary.

251.     Any interference with business opportunities of Plaintiff Foote by Defendant AEW is not permitted as ████████████████████████████████ is void and unenforceable.

252.     As a direct and proximate result of the wrongful actions  of Defendant AEW, Plaintiff Foote suffered damages in at least the amount of ████████████████ ████████ and will continue to suffer damages from any future wrongful actions by Defendant AEW that interfere with Plaintiff Foote's business opportunities or business relationship.

## COUNT IX: DEFAMATION AND FALSE LIGHT
### (Plaintiffs Brandon Tate and Brent Tate and Defendant Tony Khan)

253.      Plaintiffs Tates incorporate all of the proceeding Paragraphs as if fully restated herein verbatim.

254.     On or about April 4, 2024, Defendant Khan stated that the Agreements of Plaintiffs Tates were terminated because Plaintiffs Tates were "no-shows" on multiple occasions.

255.     This statement is demonstrably unproven and false.

256.     In fact, Plaintiff Tates were prevented from attending one event because AEW incorrectly booked them to fly out of Nashville, Tennessee instead of their home airport in Knoxville, Tennessee and AEW failed to correct the travel arrangements when contacted.

257.     Defendant Khan did not correct the false statement after receiving this information.

258.     Plaintiffs Tates were also not able to do a show in Canada as they were contacted too late to be able to travel to Canada in time for the show.

Case ID: 240900115

259.     At the time that the Wrestler Agreements were terminated, Plaintiffs Tates were repeatedly told by argents or employees of Defendant AEW that they were being terminated due to budget cuts and not due to the travel issues making preventing them from attending shows.

260.     The statement that Plaintiffs Tates were "no-shows," which implied that they are unreliable in their profession, subjects  each of them to ridicule, embarrassment, humiliation, and is detrimental to each of their personal and professional relationships.

261.     Defendant Khan published the false statement regarding the Plaintiff Tates being "no-shows."

262.     Defendant Khan published the statements in Pennsylvania.

263.     Defendant Khan published the statement with knowledge of or in reckless disregard for its falsity.

264.     Defendant Khan had absolutely no evidence to support that Plaintiffs Tats intentionally did not show up for events as opposed to a having a legitimate reason for their nonappearance.

265.     The statements are highly offensive to a reasonable person as the statements imply that Plaintiffs Tates are unreliable in their profession.

266.     Plaintiffs Tates have not had a wrestling engagement since the Agreement was terminated, despite numerous attempts to be booked.

267.     As a direct and proximate result of the tortious actions and inactions of Defendant Khan, Plaintiffs Tates each Foote suffered damages in the form of loss of business opportunities, damage to their reputation, humiliation, embarrassment, severe emotional distress, lost wages, loss of potential revenue, loss of earnings, loss of good will, punitive damages, and other damages to be proven at trial.

Case ID: 240900115

WHEREFORE, Plaintiffs prays for relief against Defendants on their claims as follows:

Judgment be entered against Defendant All Elite Wrestling, LLC as follows:

   a.  A Declaratory Judgment finding that the Arbitration provisions contained in both the Talent Agreement and the Wrestling Agreement in Section 16.1 of each Agreement are unconscionable and unenforceable.

   b.  A Declaratory Judgment finding that the Talent and Wrestlers are misclassified as independent contractors when they are, in fact, employees.

   c.  A Declaratory Judgment finding that Restrictive Covenant provisions contained in both the Talent Agreement and the Wrestler Agreement in Section 6.1 of each Agreement are void and unenforceable. Section 6.1

   d.  Plaintiffs be awarded all appropriate costs, fees, expenses, and pre-judgment and post judgment interest pursuant to the laws of the Commonwealth of Pennsylvania as authorized by law on the judgments entered in Plaintiffs' behalf;

   e.  Plaintiffs be awarded injunctive relief to enjoin Defendant All Elite Wrestling, LLC and all other persons acting in concert or participation with it from enforcing or engaging Sections 6.1 and 16.1 of the Talent Agreement and the Wrestler Agreement with respect to any talent or wrestler;

   f.  Plaintiffs be awarded injunctive relief to enjoin Defendant All Elite Wrestling, LLC and all other persons acting in concert or participation with it from treating Plaintiffs and other putative class members as independent contractors under the Talent Agreement and the Wrestler Agreement; THEY ARE EMPLOYEES!

37

Case ID: 240900115

g.   Such other relief the court deems just and proper.

WHEREFORE, Plaintiff Kevin Foote prays for relief against Defendant All Elite Wrestling. LLC for his breach of contract claims as follows:

a.   Damages an amount in excess of ███████████ for the unpaid compensation;

b.   Additional indirect damages suffered as a result of the breach of contract;

c.   Damages suffered as a result of Defendant's tortious interference with contract or business relationships;

d.   Plaintiff be awarded all appropriate costs, foes, expenses, and pre-judgment and post judgment interest pursuant to the laws of the State of Pennsylvania as authorized by law on the judgments entered in Plaintiffs' behalf; and,

e. Such other relief the court deems just and proper.

WHEREFORE, Plaintiff Kevin Foote prays for relief against Defendant All Elite Wrestling, LLC and Defendant Ian Riccaboni, jointly and severally, as follows:

a.   Damages in an amount in ████████████████ for the Defamation, False Light Claims, and Tortious Interference;

b.   Punitive damages;

c.   Plaintiff be awarded all appropriate costs, foes, expenses, and pre-judgment and post judgment interest pursuant to the laws of the State of Pennsylvania as authorized by law on the judgments entered in Plaintiffs' behalf; and,

d.   Such other relief the court deems just and proper.

WHEREFORE, Plaintiff Kevin Foote prays for relief against Defendant All Elite Wrestling, LLC as follows:

Case ID: 240900115

a.  Damages in an amount in excess ███████████████ for the Tortious Interference Claim;

b.  Punitive damages;

c.  Plaintiff be awarded all appropriate costs, foes, expenses, and pre-judgment and post judgment interest pursuant to the laws of the State of Pennsylvania as authorized by law on the judgments entered in Plaintiffs' behalf; and,

d.  Such other relief the court deems just and proper.

WHEREFORE, Plaintiff Brandon Tate and Plaintiff Brent Tate each pray for relief against Defendant All Elite Wrestling. LLC for his respective breach of contract claims as follows:

a. Damages an amount in excess of ██████████████ for the unpaid compensation;

b.  Damages in an  amount to be determined at trial  for the unpaid royalties and unreimbursed travel expenses;

c.  Additional indirect damages suffered as a result of the breach of contract;

d.  Plaintiff be awarded all appropriate costs, foes, expenses, and pre-judgment and post judgment interest pursuant to the laws of the State of Pennsylvania as authorized by law on the judgments entered in Plaintiffs' behalf; and,

e.  Such other relief the court deems just and proper.

WHEREFORE, Plaintiff Brandon Tate and Plaintiff Brent Tate prays for relief against Defendant Tony Khan as follows:

a.  Damages in the amount of ███████████████ for the Defamation and False Light Claims;

b.  Punitive damages;

Case ID: 240900115

c.  Plaintiff be awarded all appropriate costs, foes, expenses, and pre-judgment and post judgment interest pursuant to the laws of the State of Pennsylvania as authorized by law on the judgments entered in Plaintiffs' behalf; and,

d.  Such other relief the court deems just and proper.

### **DEMAND FOR JURY TRIAL**

Plaintiffs hereby demands trial by jury on all issues so triable.

Dated:   August 30, 2024                    Respectfully Submitted,

By:    /s/ Benjamin J. Baer_____
Benjamin J.Baer

INJURY LAW PARTNERS
By: Benjamin J. Baer, Esq.
1628 JFK Blvd.
Suite 1302
Philadelphia, PA 19103
Tel: (215) 402-2442
 bbaer@injurylawpartners.com

STEPHEN NEW & ASSOCIATES
By: Stephen P. New
*Pro hac vice forthcoming*
430 Harper Park Dr.
Beckley, WV 25801
Tel: (304) 250-6017
Fax: (304)250-6012
steve@newlawoffice.com

Case ID: 240900115

**VERIFICATION**

I, Benjamin J. Baer, Esquire, hereby depose and state that I am the attorney of record for Plaintiffs Kevin Foote (aka Kevin Kelly), Brandon Tate and Brent Tate, in the action herein, that I am familiar with the facts herein and the same are true and correct to the best of my knowledge, information, and belief. This statement is made subject to the penalties of 18 Pa.C.S. § 4904 relating to unsworn falsification to authorities.

Dated:    August 30, 2024                    Respectfully Submitted,

By:    /s/ Benjamin J. Baer_____
       Benjamin J.Baer

Case ID: 240900115