IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KEVIN FOOTE (aka Kevin Kelly), Individually and on behalf of all others similarly situated; *et al.* <br><br> Plaintiffs, <br><br> v. <br><br> ALL ELITE WRESTLING, LLC; *et al.* <br><br> Defendants. | Civil Action No. 2:24-cv-05351 <br><br> Hon. Mia Roberts Perez, U.S.D.J. |

## CONSENT MOTION FOR LEAVE TO FILE UNDER SEAL

Pursuant to Local Civil Rules 5.1.2(7) and 5.1.5, and the Order entered by the Court of Common Pleas of Philadelphia County on September 26, 2024, in the preceding state-court action, Defendants All Elite Wrestling, LLC ("AEW"), Ian Riccaboni, and Tony Khan (collectively, "Defendants") move this Court for an order granting Defendants leave to file under seal unredacted versions of Plaintiffs' Class Action Complaint and the exhibits thereto.

1. Plaintiffs initiated this class action against Defendants by filing a redacted Class Action Complaint with Exhibits in the Court of Common Pleas of Philadelphia County, Pennsylvania on August 30, 2024. *See* ECF No 1-2 at 2.

2. On September 3, 2024, Plaintiffs filed a Motion to File Complaint and Exhibits Under Seal, which the Court subsequently granted on September 26, 2024, in the Order attached hereto as **Exhibit A**. Pursuant to the Court's Order, Plaintiffs were authorized to file under seal an unredacted copy of their Complaint and the exhibits thereto ("Plaintiffs' Unredacted Complaint").

3. On October 4, 2024, Defendants removed the instant action to this Honorable Court. *See* ECF No. 1.

4. Plaintiffs' Unredacted Complaint discusses and attaches the content of Plaintiffs' respective talent agreements with AEW—all information that falls squarely within the Agreements' confidentiality provisions. Specifically, the agreements contain sensitive and confidential personal and business information.

5. The Parties' interest in protecting the sensitive and confidential information contained in their agreements outweighs any need for public access in this case.

6. Defendants have consulted with Plaintiffs regarding this motion. Plaintiffs agree to the relief sought in this motion.

7. Accordingly, Defendants respectfully request that the Court issue an order granting leave for Defendants to file Plaintiffs' Unredacted Complaint under seal.

For these reasons, and for the reasons set forth in the accompanying Memorandum of Law, which is incorporated by reference, Defendants respectfully request that this Court enter an Order granting this Motion for leave to file the above-specified unredacted documents under seal.

A proposed order form has been contemporaneously filed herewith.

|  |  |  |
|---|---|---|
|  |  | Respectfully submitted, |
|  |  | **JACKSON LEWIS P.C.** |
| Dated: October 8, 2024 | By: | */s/ Daniel F. Thornton* |
|  |  | Daniel F. Thornton (PA No. 318431) |
|  |  | daniel.thornton@jacksonlewis.com |
|  |  | Caralyn M. Reese (PA No. 330726) |
|  |  | caralyn.reese@jacksonlewis.com |
|  |  | Three Parkway |
|  |  | 1601 Cherry Street, Suite 1350 |
|  |  | Philadelphia, PA 19102 |
|  |  | 267-319-7802 |
|  |  |  |
|  |  | B. Tyler White* |
|  |  | tyler.white@jacksonlewis.com |
|  |  | James D. McGuire* |
|  |  | james.mcguire@jacksonlewis.com |
|  |  | 501 Riverside Avenue, Suite 902 |
|  |  | Jacksonville, FL 32202 |
|  |  | 904-638-2655 |
|  |  |  |
|  |  | *Counsel for Defendants* |
|  |  |  |
|  |  | * *pro hac vice* forthcoming |

## **CERTIFICATE OF SERVICE**

I certify that on October 8, 2024, I caused a copy of the foregoing document to be served on the following counsel of record via electronic filing:

Benjamin J. Baer, Esquire
bbaer@injurylawpartners.com
**INJURY LAW PARTNERS**
1628 JFK Blvd, Suite 1302
Philadelphia, PA 19103
215-402-2442

*/s/ Daniel F. Thornton*
Daniel F. Thornton

IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KEVIN FOOTE (aka Kevin Kelly), Individually and on behalf of all others similarly situated; *et al.*<br><br>Plaintiffs,<br><br>v.<br><br>ALL ELITE WRESTLING, LLC; *et al.*<br><br>Defendants. | Civil Action No. 2:24-cv-05351<br><br>Hon. Mia Roberts Perez, U.S.D.J. |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS'
CONSENT MOTION FOR LEAVE TO FILE UNDER SEAL**

Pursuant to Local Civil Rules 5.1.2(7) and 5.1.5, and the Order of Court entered by the Court of Common Pleas of Philadelphia County on September 26, 2024, in the preceding state-court action, Defendants All Elite Wrestling, LLC ("AEW"), Ian Riccaboni, and Tony Khan (collectively, "Defendants") file this Memorandum of Law in support of their Motion for Leave to File Under Seal unredacted versions of Plaintiffs' Class Action Complaint and the exhibits thereto.

I.  **RELEVANT PROCEDURAL AND FACTUAL BACKGROUND**

On August 30, 2024, Plaintiffs Kevin Foote, Brandon Tate and Brent Tate, individually and on behalf of all others similarly situated, initiated this class action against Defendants by filing a redacted Complaint with Exhibits in the Court of Common Pleas of Philadelphia County, Pennsylvania. *See* ECF 1-2 at 2. On September 3, 2024, Plaintiffs filed a Motion to File Complaint and Exhibits Under Seal, which the Court subsequently granted on September 26, 2024. *See* Ex. A. Pursuant to the Court's Order, Plaintiffs were authorized to file under seal an unredacted copy of their Complaint and the exhibits thereto ("Plaintiffs' Unredacted Complaint").

On October 4, 2024, Defendants removed the instant action to this Honorable Court. *See* ECF No. 1. Plaintiffs' Unredacted Complaint discusses and attaches the content of Plaintiffs' respective talent agreements with AEW—all information that falls squarely within the Agreements' confidentiality provisions. Specifically, the agreements contain sensitive and confidential personal and business information. The Parties' interest in protecting the sensitive and confidential information contained in their agreements outweighs any need for public access in this case.

Defendants have consulted with Plaintiffs regarding this motion. Plaintiffs agree to the relief sought in this motion.

Accordingly, Defendants respectfully request that the Court issue an order granting leave for Defendants to file Plaintiffs' Unredacted Complaint under seal.

## II.   LEGAL STANDARD

"[T]he common law presumes that the public has a right of access to judicial materials." *In re Avandia Mktg., Sales Practices & Prods. Liab. Litig.*, 924 F.3d 662, 672 (3d Cir. 2019). "In both criminal and civil cases, a common law right of access attaches "to judicial proceedings and records." *Id.* This right of access "promotes public confidence in the judicial system by enhancing testimonial trustworthiness and the quality of justice dispensed by the court." *Littlejohn v. BIC Corp.*, 851 F.2d 673, 678 (3d Cir. 1988). Public observation facilitated by the right of access "diminishes possibilities for injustice, incompetence, perjury, and fraud." *Id.* The right of access includes the right to attend court proceedings and to "inspect and copy public records and documents, including judicial records and documents." *Goldstein v. Forbes (In re Cendant Corp.)*, 260 F.3d 183, 192 (3d Cir. 2001).

However, "the common law right of access is not absolute." *In re Avandia*, 924 F.3d 662, 672. "The presumption [of access] is just that, and thus may be rebutted." *Republic of the Philippines v. Westinghouse Elec. Corp.*, 949 F.2d 653, 662 (3d Cir. 1991). The party seeking to overcome the presumption of access bears the burden of showing "that the interest in secrecy outweighs the presumption." *Bank of Am. Nat'l Tr. & Sav. Ass'n v. Hotel Rittenhouse Assocs.*, 800 F.2d 339, 344 (3d Cir. 1986). The movant must show "that the material is the kind of information that courts will protect and that disclosure will work a clearly defined and serious injury to the party seeking closure." *Miller v. Ind. Hosp.*, 16 F.3d 549, 551 (3d Cir. 1994)).

## III. ARGUMENT

As set forth above, the agreements at issue contain sensitive and confidential personal and business information, and the interest in protecting such information outweighs the presumption of public access in this case. At a minimum, the agreements detail confidential compensation information for Plaintiffs over multiple years, as well as other sensitive and confidential aspects of Plaintiffs' respective contracting relationships with AEW. And a sister court has already granted the relief sought. *See* Ex. A. To permit the public access to such information would cause serious injury to both the Plaintiffs and AEW, frustrating their reasonable expectation that the details of their agreements would be kept confidential. Certainly, public disclosure of compensation or other financial information would cause injury to AEW's current or pending agreements, affect AEW's professional relationships with talent and wrestlers, impact the ability of AEW and its talent to rely on similar confidentiality provisions in other agreements, and impact AEW's ability to conduct business in the future. Accordingly, this Court should permit Defendants to file Plaintiffs' Unredacted Complaint under seal.

## IV.     CONCLUSION

For these reasons, Defendants respectfully request that this Court enter an Order granting their Motion for leave to file the above-specified unredacted documents under seal.

Respectfully submitted,

**JACKSON LEWIS P.C.**

Dated: October 8, 2024          By:     */s/ Daniel F. Thornton*
                                        Daniel F. Thornton (PA No. 318431)
                                        daniel.thornton@jacksonlewis.com
                                        Caralyn M. Reese (PA No. 330726)
                                        caralyn.reese@jacksonlewis.com
                                        Three Parkway
                                        1601 Cherry Street, Suite 1350
                                        Philadelphia, PA 19102
                                        267-319-7802

                                        B. Tyler White*
                                        tyler.white@jacksonlewis.com
                                        James D. McGuire*
                                        james.mcguire@jacksonlewis.com
                                        501 Riverside Avenue, Suite 902
                                        Jacksonville, FL 32202
                                        904-638-2655

                                        *Counsel for Defendants*

                                        * *pro hac vice* forthcoming

## CERTIFICATE OF SERVICE

I certify that on October 8, 2024, I caused a copy of the foregoing document to be served on the following counsel of record via electronic filing:

Benjamin J. Baer, Esquire
bbaer@injurylawpartners.com
**INJURY LAW PARTNERS**
1628 JFK Blvd, Suite 1302
Philadelphia, PA 19103
215-402-2442

                                            */s/ Daniel F. Thornton*
                                            Daniel F. Thornton