IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KEVIN FOOTE (aka Kevin Kelly), Individually and on behalf of all others similarly situated; <br><br> BRANDON TATE, Individually and on behalf of all others similarly situated; and <br><br> BRENT TATE, Individually and on behalf of all others similarly situated; <br><br>     Plaintiffs, <br><br> v. <br><br> ALL ELITE WRESTLING, LLC; <br><br> IAN RICCABONI; and <br><br> TONY KHAN; <br><br>     Defendants. | Civil Action No. 2:24-cv-05351 |

**DEFENDANTS' REPLY TO PLAINTIFFS' RESPONSE IN OPPOSITION TO DEFENDANTS' OMNIBUS MOTION TO DISMISS PLAINTIFFS' COMPLAINT FOR IMPROPER VENUE OR, IN THE ALTERNATIVE, TRANSFER VENUE, OR COMPEL ARBITRATION AND DISMISS PLAINTIFFS' COMPLAINT**

Defendants, All Elite Wrestling, LLC ("AEW"), Ian Riccaboni, and Tony Khan, through their undersigned counsel, and pursuant to this Court's Policies and Procedures Section III.A., files this Reply to Plaintiffs' Response in Opposition to Defendants' Omnibus Motion (D.E. 18) ("Response") to reply to certain facts and arguments raised by Plaintiffs in their Response as follows:[1]

---

[1] While Defendants could endeavor to refute each and every assertion made by Plaintiffs in the Response, Defendants are confident that, to the extent that any of Plaintiffs' counterarguments or assertions are not addressed in this Reply, Defendants' Omnibus Motion (D.E. 11) sufficiently explains Defendants' positions and provides robust support for each.

As a preliminary matter, throughout their Response, Plaintiffs improperly request affirmative relief by asking for the Court to rule on the merits of their baseless claims against Defendants. *See* Fed. R. Civ. P. 7(b)(1) ("A request for a court order must be made by motion."). A response to a motion is not the proper vehicle for Plaintiffs to ask the Court to enter an order rendering Plaintiffs' agreements with AEW unenforceable, nor is it proper for the Court to consider such relief on a motion other than summary judgment. *See* Fed. R. Civ. P. 12(d) ("If, on a motion under Rule 12(b)(6) . . . , matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56. All parties must be given a reasonable opportunity to present all the material evidence that is pertinent to the motion.") Further, to the extent that the Court intends to consider any portion of Defendants Omnibus Motion (D.E. 11) as a motion for summary judgment pursuant to Rules 12(d) and 56, the Court must not take Plaintiffs' one-sided version of the purported "facts" as "evidence." Plaintiffs have not filed a verified complaint and, unlike as Defendants have done, Plaintiffs have offered no affidavits or declarations to support the unsubstantiated allegations of the Complaint and baseless assertions of counsel.

**I.   VENUE IS SUBSTANTIVELY IMPROPER IN PENNSYLVANIA UNDER 28 U.S.C. § 1391(b); THEREFORE, THE COURT MUST TRANSFER THIS ACTION TO THE MIDDLE DISTRICT OF FLORIDA.**

Plaintiffs first argue that 28 U.S.C. § 1391(b) is inapplicable to this case because Defendants removed this action from state court; therefore, venue is, by default, proper pursuant to 28 U.S.C. § 1441(a). (D.E. 18 at 12). Notwithstanding the fact that Sections 1391(b) and 1441(a) conflict with one another, and that conflict has been interpreted and applied in a way that is contrary to public policy—i.e., that Plaintiffs may strategically circumvent the requirement that they must file a lawsuit in the appropriate venue by filing in state, as opposed to federal, court in

order to prevent the action from being dismissed pursuant to Rule 12(b)(3) should Defendants chose to exercise their right to remove the action to federal court—Defendants agree that the current case law interpreting these provisions provides that the Court may not **dismiss** this action for improper venue because it was removed.[2] *See, e.g., Halpern v. Centroid Sys.*, No. 2:24-cv-07037, 2024 U.S. Dist. LEXIS 190609, at *21 (D.N.J. Oct. 21, 2024). However, Plaintiffs' assertion that "[o]nce a case is removed from state court, any argument under 28 U.S.C. § 1391(b) is unavailing," (D.E. 18 at 12), is misleading because 28 U.S.C. § 1390(c) states: "This chapter shall not determine the district court to which a civil action pending in a State court may be removed, **but shall govern the transfer of an action so removed as between districts and divisions of the United States district courts**." (emphasis added). Therefore, taken in connection with Section 1390(c), Section 1391(b) may not act to deprive a federal court of jurisdiction over an action duly removed under Section 1441, but the provisions of Section 1391 "**shall govern the transfer**" of a removed action between district courts. *Id.* (emphasis added). To the extent that the relevant statutes and interpreting case law prevent the Court from altogether dismissing this action, Defendants request that the Court conduct its analysis to transfer this action to the Middle District of Florida, Jacksonville Division pursuant to 28 U.S.C. §§ 1391(b) **and** 1404(a) for the reasons stated herein and in its Omnibus Motion. (D.E. 11 at 17–26). It follows that, although venue in the Eastern District of Pennsylvania may not be **procedurally** improper, **venue is substantively improper** because the substantial part of the events giving rise to the vast majority of Plaintiffs'

---

[2] By agreeing that the current authority interpreting the interplay between Sections 1391 and 1441 in removed actions effectively prohibits the Court from considering dismissal under Rule 12(b)(3), Defendants do not waive any good faith argument that the currently-prevailing case law incorrectly interprets and applies the subject statutes.

claims did not occur in the Eastern District of Pennsylvania, if any occurred in Pennsylvania at all.³ *See id.; see also* 28 U.S.C. § 1391(b)(2).

## II. VENUE IS BEST-SUITED IN FLORIDA AND THE COURT SHOULD TRANSFER THIS CASE PURSUANT TO 28 U.S.C. §§ 1391(b)(2) & 1404(a).

Plaintiffs next take issue with Defendants' assertion that the forum selection clause located in the subject agreements' arbitration provisions is applicable to this lawsuit. (*See, e.g.,* D.E. 18 at 13). In support, Plaintiffs state, without providing any authority therefor, that "no indication exists that the parties intended to apply the clause to the entire Agreement for selecting a forum for litigation." (D.E. 18 at 13). However, by providing for binding arbitration in Duval County to apply to any dispute "relating to any matter" arising under the agreements or the "application or interpretation of any provision" of the agreements (D.E. 11 at 22), the parties obviously intended for such language to be intentionally broad, and any interpretation to the contrary would require the Court to improperly consider extrinsic evidence, if any exists. Plaintiffs' assertion that no forum selection clause exists in Section 15 of the agreements makes no sense because AEW and Tony Khan, in addition to Plaintiffs, agreed (by signing the agreements) to seek any such relief in arbitration (because the arbitration provisions are applicable to the entire agreements), as opposed to a judicial forum. Indeed, litigants may seek emergency and final injunctive relief in arbitration under the JAMS Comprehensive Rules. *See, e.g.,* JAMS Comprehensive Rule 2 & Rule 24(e).

Further, Plaintiffs' argument that enforcement of the forum selection clause would be unreasonable under the circumstances is equally as unconvincing. Plaintiffs argue that neither Defendant Riccaboni nor Defendant Khan signed the agreements. (D.E. 18 at 14). However, Defendant Khan did sign the agreements and is a party to the agreements by virtue of his ownership

---

³ Tellingly, Plaintiffs have offered no evidence in the form of sworn statements, or otherwise, to this effect. Plaintiffs have instead set forth only unsupported allegations coupled with the repetitive and unconvincing assertions of counsel.

4

of AEW. Defendant Riccaboni, on the other hand, did not sign the agreements, but he fully consents to have this matter submitted to arbitration because the claims against him are so intertwined with Plaintiffs' business relationships with AEW and the termination of their contracts.

Plaintiffs next inexplicably assert that the *Jumara* factors and, consequently, Defendants' analysis for transfer under 28 U.S.C. § 1404(a), are "inapplicable." (D.E. 18 at 16). Plaintiffs offer no authority for this incorrect assertion. *See id.* To the contrary, by their own admission, Plaintiffs agree that their "claims for declaratory and injunctive relief in the putative class action," under the Fair Labor Standards Act ("FLSA"), which comprises the bulk of the issues in this case, "affect numerous states wherein the putative class members reside." *Id.* Plaintiffs' assertions throughout the Response regarding their defamation and breach of contract claims are nothing more than a red herring. Plaintiffs bootstrapped their defamation claims to an FLSA and breach of contract class action lawsuit, albeit connected to the termination of their contracts, as a strategy to use as leverage to attempt to strong-arm Defendants into litigating in Plaintiffs' counsel's preferred locale, and to divert the Court's attention from the fact that this is an FLSA misclassification case that was improperly filed in state court in Pennsylvania. Indeed, two out of three of the named Plaintiffs are domiciled in Knoxville, Tennessee, which is approximately 623 miles away from Philadelphia, Pennsylvania.[4] Yet, Plaintiffs would likely also argue against Tennessee as a venue.

Moreover, to the extent that Plaintiffs intend to argue that Defendants are not giving credence to their breach of contract and declaratory judgment claims, Defendants would be remiss to not acknowledge that, if Plaintiffs add putative class members—who are likely to reside in various states throughout the country—to their lawsuit, those class members will also seek to assert

---

[4] Additionally, to the extent that Plaintiffs rely on their assertion that a Pennsylvania court is best suited to apply Pennsylvania law, Pennsylvania law arguably applies to only Plaintiffs' defamation claims. Moreover, a federal court in Florida is more than competent to apply the law of another state, especially considering that all parties have the assistance of Pennsylvania licensed counsel.

breach of contract and declaratory judgment claims against Defendants. Therefore, Plaintiffs' arguments that this case is appropriately situated in Philadelphia are no more convincing than an argument that it would be appropriately situated in Seattle.

### III. ARBITRATION IS THE APPROPRIATE FORUM FOR THE RESOLUTION OF ALL OF PLAINTIFFS' CLAIMS, INCLUDING ANY DETERMINATION REGARDING THE THRESHOLD ISSUE OF ARBITRABILITY.

Finally, Plaintiffs argue that this Court should not compel arbitration and dismiss this action because the agreements are standardized adhesion contracts. (*See* D.E. 18 at 18). However, Plaintiffs misconstrue and misrepresent Defendants' contention that independent contractor agreements containing arbitration clauses are an industry standard practice—not "standardized" contracts—thereby somehow implicating the entire wrestling industry. (*See* D.E. 18 at 7, 18). By stating that independent contractor agreements and arbitration agreements were a standard practice in the wrestling industry, Defendants made no such admission. Defendants were merely explaining that such agreements are common such that Plaintiffs either are or should have been aware of their usage given their length of experience in the industry. Defendants also use this fact to highlight that Plaintiffs either knew or should have known that they: (1) were free to negotiate their agreements with AEW on their own; or (2) could have each retained counsel—as they have now done—to negotiate their agreements.

Further, none of Plaintiffs' substantive arguments regarding arbitration or arbitrability are persuasive. Plaintiffs first rely on *Addit, LLC v. Hengesbach*, 341 So.3d 362, 366 (Fla. 2d DCA 2022). (D.E. 18 at 18), but misrepresent *Addit*'s holding. In *Addit*, the appellate court reversed and remanded the trial court's determination that the subject arbitration provision was unconscionable, stating that "the trial court denied the motions to compel arbitration finding that the Arbitration

Agreement is unconscionable and, therefore, unenforceable. This was error." *See Addit*, 341 So.3d at 366. Therefore, *Addit* does nothing to support Plaintiffs' assertions.

Plaintiffs next purport to rely on *Green Tree Fin. Corp.-Ala. v. Randolph*, 531 U.S. 79, 92 (2000), for the proposition that Defendants' incorporation of the JAMS Comprehensive Rules renders the subject arbitration provisions unenforceable because arbitration is "prohibitively expensive." (D.E. 18 at 18). However, *Green Tree*, as cited by Plaintiffs, simply stands for the proposition that Plaintiffs must prove that arbitration would be an undue financial burden. *See Green Tree*, 531 U.S. at 92. In fact, the United States Supreme Court held in *Green Tree* that "[t]he Court of Appeals therefore erred in deciding that the arbitration agreement's silence with respect to costs and fees rendered it unenforceable." *Id.* The subject arbitration agreements in this case are likewise silent, and Plaintiffs have offered no evidence of burden. Plaintiffs do not even offer comparative authority for their assertion, but instead rely on nonbinding secondary sources that do nothing to support that arbitration is "prohibitively expensive." (*See, e.g.,* D.E. 18 at 20 n.4–7). Therefore, to the extent that this Court declines to transfer this action to the Middle District of Florida, it must dismiss this action pursuant to Federal Rule of Civil Procedure 12(b)(6) and compel arbitration, including to determine the issue of arbitrability, consistent with the Federal Arbitration Act and the depth of case law cited in the Omnibus Motion favoring arbitration.

In sum, for all of the foregoing reasons, and for the reasons set forth in Defendants' Omnibus Motion (D.E. 11), Defendants respectfully request that this Court transfer this action to the Middle District of Florida, Jacksonville Division, or enter an order dismissing this case pursuant to Federal Rule of Civil Procedure 12(b)(6), and compelling Plaintiffs to arbitrate all claims against Defendants.

                                            Respectfully submitted,

Dated: <u>November 8, 2024</u>                **JACKSON LEWIS P.C.**

                              By:    */s/ James D. McGuire*
                                          B. Tyler White*
                                          Tyler.White@jacksonlewis.com
                                          James D. McGuire*
                                          James.McGuire@jacksonlewis.com
                                          501 Riverside Avenue, Suite 902
                                          Jacksonville, FL 32202
                                          904-638-2655

                                          Daniel F. Thornton (PA No. 318431)
                                          Daniel.Thornton@jacksonlewis.com
                                          Caralyn M. Reese (PA No. 330726)
                                          Caralyn.Reese@jacksonlewis.com
                                          Three Parkway
                                          1601 Cherry Street, Suite 1350
                                          Philadelphia, PA 19102
                                          267-319-7802

                                          *Counsel for Defendants*
                                          *admitted *pro hac vice*

8

## **CERTIFICATE OF SERVICE**

I certify that on November 8, 2024, I caused a copy of the foregoing document to be served on the following counsel of record via electronic filing:

Benjamin J. Baer, Esquire
bbaer@injurylawpartners.com
**INJURY LAW PARTNERS**
1628 JFK Blvd, Suite 1302
Philadelphia, PA 19103
215-402-2442

Stephen P. New, Esquire
steve@newlawoffice.com
**STEPHEN NEW & ASSOCIATES**
430 Harper Park Dr.
Beckley, WV 25801
304-250-6017

                                        */s/ James D. McGuire*
                                        Attorney